## HUMPHREY *v.* CONGER.

ADMINISTRATION ; EXECUTORS ; ANNUITIES ; ACCOUNTS.

1.  Where the executor and residuary legatee of an estate charged with an annuity of $100 a month had filed no regular account within 15 months after the probate of the will, and the petition for letters testamentary showed the estate to be worth $75,000, of which $7,500 were personal property values, an order of the Orphans' Court was *affirmed* which required him within 10 days to pay $500 on account of a balance of $1,050 due the annuitant, and to file a proper inventory and settle his accounts as executor.

2.  In such a case, the executor, having by his own showing personal property of the estate of the value of $7,500, and having filed no proper inventory or appraisement, cannot be heard to say that the value fixed on such personal property is fictitious.

No. 444.   Submitted May 6, 1895.   Decided June 19, 1895.

HEARING on an appeal by an executor from an order of the Supreme Court of the District of Columbia holding a special term for Orphans' Court business.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Clarence A. Brandenburg* and *Mr. William O. Belt* for the appellant.

*Mr. A. A. Lipscomb* and *Mr. Philip Walker* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal by James K. Humphrey, the executor of the estate of Stella B. Conger, deceased, from an order made in the special term of the Supreme Court of the District of Columbia, holding session for Orphans' Court business.

The will of decedent, which was probated in September, 1893, directs the payment of $100 monthly, in advance, to her surviving husband, Omar D. Conger, during his life. After making numerous bequests of money to certain relatives and friends, the testatrix devised and bequeathed all the rest and residue of her estate to the appellant, who was also made executor without bond, subject to the following charge: " In any event, however, this residue of my estate is to remain charged with the bequest of my husband made in the item 13 hereof, and I desire my brother, said James K. Humphrey, as early as practicable, to make some specific arrangement, in accordance with his own judgment, for carrying out the provisions of said item, so that in the event of his death the same may be definitely arranged and provided for the comfort of my dear husband."

No inventory and appraisement of the personal estate has ever been filed as required by the act of 1798 (sec. 66, Compiled Stats. D. C., p. 16). On November 28, 1893, the executor, in attempted compliance with section 73 of said act, filed a paper which he called " Inventories and Sales," and in which he set out items of money received from various sources, and a list of debts due the estate. To this was attached a statement of disbursements, which showed a balance of $253.98 in the hands of the executor.

No regular account was filed by him within the fifteen months required by the statute, and no action of the court seems to have been had upon the statement above mentioned, and nothing else has been done in that direction.

The petition for letters testamentary represents the estate as worth over $75,000, of which about $7,500 are personal

property values.   On January 11, 1895, the appellee filed a petition in the Orphans' Court, alleging frequent demands made of the executor for the payment of the monthly sums due him under the will, the receipt of $500 under a rule of court made in July, 1894, and $350 thereafter, which left $1,050 due him to date of filing petition ; and the refusal to pay anything more.   He prayed for a rule to show cause and an order to compel the payment of his arrears.

Responding to the rule, the executor represented the value of the estate to be about $50,000.   He admitted that he had the household furniture and effects of the testatrix of the value of $1,500 and certain gas stock of the par value of $6,000, which he represented as having no present market value.   He also stated that he had received in cash since November 1, 1893, from rents of the lands of the estate, the sum of $2,059.63, and had disbursed, including the $850 paid to petitioner, the sum of $2,407.92, thus more than extinguishing the balance in his hands under the list of disbursements presented in November, 1893.

He concludes with the statement that he has collected all claims due the estate, so far as able, has disbursed all the funds, and has no money in hand with which to pay the charge of petitioner, and has filed a bill in equity asking authority to incumber or sell the real estate for the purpose of raising funds " for the payment of debts, legacies and petitioner's annuity."

Upon the showing made, the court refused to discharge the rule, and, instead, entered an order requiring the executor to pay the petitioner $500 within ten days, and also, within the same time, to file " a proper inventory of the personal estate " and "settle his accounts as said executor."

We find no error in the order as made.   It is not necessary to follow the argument of the appellant upon the power of the court to order the payment of the charge on behalf of the appellee from the receipts of the rents and revenues of the lands of the estate.   The appellant shows by his two statements of the receipts and disbursements of funds, that

he has himself treated those receipts as assets and paid them out, as claimed, in the course of administration ; and the order of the court does not direct the payment in question to be made therefrom. The order of the court is evidently based upon the condition of the ˆestate as shown by the executor in his petition for letters, and his irregular and negligent administration. It did not go to the full limit of the arrears, but directed the payment of less than one-half thereof. By his own showing, he has personal property of the testatrix in his possession of the nominal value of $7,500. Having filed no inventory of personal property, as his duty required, and returned no account of his administration, as required by law, he is in no condition, and has no right, to say that those values are fictitious. If they are, the statute provided a plain remedy for his protection, of which he has made no attempt to avail himself. There is nothing to show the existence of any valid debt of the testatrix chargeable against the estate ; nor does it appear what part of the legacies, if any, remain unpaid or discharged. There is nothing to show any injury which may be done the executor by the order. He has a very large estate in his hands, sufficient to discharge all charges against it; and leave a large part of it for his enjoyment as residuary legatee and devisee. His administration has been irregular and grossly negligent. With ample means at his disposal and without reasonable excuse, he has failed to obey the solemn injunction of the testatrix to provide for the regular and prompt payment of the fund provided by her for the support and maintenance of her surviving husband. Under all the facts shown by the record, the court had the power to make the order. It was a just and reasonable one, and must be affirmed.

It was also eminently proper to require the executor forthwith to file the inventory of personal property and to settle his accounts, in order that the court might be fully advised before making a further order in the premises.

*The order appealed from is in all things affirmed, with costs to the appellee.*